[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SENTENCE AFFIRMED.
The petitioner, then 22 year of age, was convicted by plea of Kidnapping First Degree a violation of 53a-92 (a)(2)(A); Conspiracy to Commit Kidnapping in the First Degree a violation of 53a-48 and 53a-92 (a)(2)(A) and Assault in the Third Degree a violation of 53a-61. The court imposed a net effective sentence of 13 years execution suspended after 5 years, in the custody of the Commissioner of Corrections, and 3 years probation.
Petitioner's counsel at the hearing stressed the opinion that the sentence of 5 years incarceration was excessive. Counsel supported the excessiveness claim by arguing that the petitioner had no prior record, was a college student at the time of the incident, and that he was remorseful. Counsel further articulated that of all the participants in the crime, the petitioner was the only person to receive such an extended period of incarceration. Counsel indicated that at the time of the incident the petitioner was in an emotional state of mind because of his father's death preceding the incident, and the petitioner's belief that the victim had previously burglarized the home of the petitioner.
The counsel for the petitioner requested the court to reduce the sentence to one year incarceration.
The assistant state's attorney stressed the brutal nature of the attack on the victim/juvenile by the petitioner along with others. Counsel for the state emphasized that after the victim was beaten the managed to escape, was hunted down by the petitioner and his associates, brought to an undisclosed location, tied up; and virtually tortured. The state's attorney indicated that the petitioner's maximum exposure was 51 years CT Page 9525 incarceration and the petitioner only received a portion of that exposure.
The petitioner submitted a written letter to the Division and did in his oral comments indicate that he had learned from his mistakes and asked the Division to "leave the sentence as is. . . ."
The sentencing court took into account that the petitioner had no prior record, but did characterize the crimes as "absolutely horrendous behavior."
Pursuant to Conn. Practice Book § 942 the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest, and the deferent, rehabilitative, isolative, and denunciatory purpose for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Conn. Practice Book § 942 and Conn. General Statute § 51-194 et seq.
In reviewing the record as a whole, this Division finds that the sentencing court's actions were in accordance with the parameters of Conn. Practice Book § 942.
The sentence imposed was neither inappropriate or disproportionate.
This sentence is AFFIRMED.
PURTILL, J. NORKO, J. MIANO, J.